IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Black Warrior Riverkeeper, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:13-CV-00763-RDP |
| Shannon, LLC, | ) |
| Defendant. | ) |

## SHANNON, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Shannon, LLC (hereinafter most frequently referred to as "Shannon") answers the first amended complaint [Doc. 31] as follows:

### First Defense

No part of any allegation is admitted by inference or implication. Unless specifically, expressly, and explicitly admitted below, each and every allegation of the complaint is denied. Shannon responds to the separately enumerated paragraphs as follows:

### *Nature of the Case*

1. Shannon acknowledges that this purports to be an action pursuant to Section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365; Section 520 of the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. § 1270; and the Alabama Surface Mining Control and Reclamation Act ("ASMCRA"), Ala. Code § 9-16-95. Shannon further acknowledges that plaintiff seeks declaratory relief, injunctive relief, penalties, and costs of litigation, but Shannon denies the propriety of this action and denies that it is liable to the plaintiff or any other person or entity for any such relief, penalties, or costs.

*Jurisdiction and Venue*

2. Shannon acknowledges that plaintiff claims this action arises under CWA § 505(a), SMCRA § 520, ASMCRA Ala. Code § 9-16-95, and 28 U.S.C. §§2201 and 2202, but Shannon denies the propriety of the action, and the remaining allegations of paragraph 2 of the first amended complaint are, therefore, denied.

3. Shannon acknowledges that it received a letter from Black Warrior Riverkeeper, Inc. ("Riverkeeper") dated February 22, 2013. Shannon denies the viability, accuracy, or legitimacy of any allegation, including any violations alleged in the letter; denies the relevance or materiality of its receipt of this letter to any claim made in the complaint, as amended; and denies any liability based thereon. Shannon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3 of the first amended complaint; the allegations are, therefore, denied.

4. It is correct that neither the Administrator of the U.S. Environmental Protection Agency nor the State of Alabama has filed a civil or criminal action in a court of the United States or the State of Alabama to require that Shannon comply with NPDES Permit No. AL0076597, but Shannon denies the relevance or materiality of this allegation and denies any liability based thereon.

5. It is correct that prior to February 22, 2013 neither the Administrator of the U.S. Environmental Protection Agency nor the State of Alabama issued a final order not subject to further judicial review under CWA § 309(g), 33 U.S.C. § 1319(g), or comparable state law of the State of Alabama, assessing a penalty for violations of NPDES Permit No. AL0076597, but Shannon denies the relevance or materiality of this allegation and denies any liability based thereon.

6. It is correct that neither the Secretary of the Interior nor the State of Alabama commenced a civil or criminal action in a court of the United States or in a court of the State of Alabama to require that Shannon comply with Ala. Admin. Code r. 880-X-10C-.13(5), but Shannon denies the relevance or materiality of this allegation and denies any liability based thereon.

7. Venue is not contested; however, Shannon specifically denies any liability to or enforceable by plaintiff based on the acts, omissions, or violations alleged in the first amended complaint.

*Parties*

8. Shannon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; the allegations are, therefore, denied.

9. Shannon admits that, subject to certain limitations and conditions, NPDES Permit No. AL0076597 authorizes the discharge of water from certified sediment control treatment ponds to Blue Creek, Lick Branch, Little Blue Creek, Mud Creek, Unnamed Tributaries to Blue Creek, Unnamed Tributaries to Buffalo Creek, Unnamed Tributaries to Little Blue Creek, Unnamed Tributaries to Valley Creek, Unnamed Tributaries to Rockcastle Creek, Unnamed Tributaries to Valley Creek, and Valley Creek, as is more specifically addressed in the NPDES Permit itself, and the use classifications for each of the named waters is a matter of public record as determined by ADEM. The allegations of paragraph 9 of the first amended complaint are otherwise denied.

10. The allegations contained in paragraph 10 of the first amended complaint are denied.

11.     It is admitted that Shannon, LLC is an Alabama limited liability company that owns and operates the Shannon Mine. The allegations of paragraph 11 of the first amended complaint are otherwise denied.

12.     Shannon, LLC meets the definition of "person" stated in SMCRA § 701(19), 30 U.S.C. § 1291(19), but, whether Shannon, LLC meets the less specific definition of "person" set forth in the Clean Water Act § 502(5), 33 U.S.C. § 1362(5) is a matter of interpretation.

## Count I

### *Clean Water Act:  Alleged NPDES Permit Violations*

13.     Shannon here incorporates its responses to paragraphs 1 through 12 of the first amended complaint by reference.

14.     It is correct that the U.S. Environmental Protection Agency approved the State of Alabama's National Pollutant Discharge Elimination System ("NPDES") permit program on October 19, 1979, but Shannon denies any liability to plaintiff based thereon, and the allegations of paragraph 14 of the first amended complaint are otherwise denied.

15.     It is correct that NPDES Permit No. AL0076597, which authorizes the discharge of water from certified sediment control treatment ponds to certain creeks and certain unnamed tributaries of those creeks subject to certain limitations and conditions, was issued to Shannon with an effective date of April 1, 2009 and an expiration date of March 31, 2014. It is also correct that ADEM issued a modification to the permit on and effective January 3, 2012. The allegation of paragraph 15 of the first amended complaint are otherwise denied.

16.-30. NPDES Permit No. AL0076597 is a document that speaks for itself as to its content, including its terms, limitations, conditions, and exemptions. To the extent that the

allegations of paragraphs 16-30 are inconsistent with NPDES Permit No. AL0076597, they are denied.

31. The allegations of paragraph 31 and <u>Exhibit B</u> of the first amended complaint are denied.

32. The allegations of paragraph 32 of the first amended complaint are denied.

33. The allegations of paragraph 33 of the first amended complaint are denied.

## Count II

### *Clean Water Act: Alleged Unpermitted Discharge Violations*

34. Shannon here incorporates its responses to paragraphs 1 through 33 by reference.

35. Paragraph 35 apparently states plaintiff's interpretation of CWA § 301(a), 33 U.S.C. § 1311(a), which, as a statement of an interpretation of law rather than an allegation of fact, requires no response at this time from Shannon. Shannon denies any liability based on the allegations of paragraph 35 of the first amended complaint.

36. The allegations of paragraph 36 of the first amended complaint are denied.

37. The allegations of paragraph 37 of the first amended complaint are denied.

38. The allegations of paragraph 38 of the first amended complaint are denied—including, but not limited to, the allegations that there are any "discharges" from seeps.

39. The allegations of paragraph 39 of the first amended complaint are denied.

40. The allegations of paragraph 40 of the first amended complaint are denied.

41. The allegations of paragraph 41 of the first amended complaint are denied.

42. The allegations of paragraph 42 of the first amended complaint are denied, and Shannon demands strict proof thereof.

43. The allegations of paragraph 43 of the first amended complaint are denied, and Shannon demands strict proof thereof.

### Count III

*Surface Mining Control and Reclamation Act: Alleged Federal Water Quality Effluent Limitation Guideline Violations*

44. Shannon here incorporates its responses to paragraphs 1 through 43 by reference.

45. Shannon acknowledges that the Alabama Surface Mining Commission regulates surface coal mining in the State of Alabama. The allegations of paragraph 45 of the first amended complaint are otherwise denied.

46. Paragraph 46 of the first amended complaint purports to be a quotation of an ASMC regulation, Ala. Admin. Code r. 880-X-10C-.13(5), which is one written regulation among others, which speaks for itself as to its content, which must be read in context of the relevant regulations as a whole, and to which no response is required by Shannon. The allegations of paragraph 46 of the first amended complaint are otherwise denied.

47. Shannon acknowledges that Alabama's surface coal mining and reclamation regulatory program has been approved by the Secretary of the Interior. The allegations of paragraph 47 of the first amended complaint are otherwise denied.

48. Paragraph 48 apparently states plaintiff's interpretation of 40 C.F.R. Part 434, Subpart C, which, as a statement of an interpretation of law rather than an allegation of fact, requires no response at this time by Shannon. Shannon denies any liability based on the allegations of paragraph 48 of the first amended complaint.

49. The effluent limitations in Shannon's NPDES permit are applicable to Shannon Mine. To the extent the allegations of paragraph 49 of the first amended complaint are inconsistent with the foregoing, they are denied.

50. The allegations of paragraph 50 and <u>Exhibit C</u> of the first amended complaint are denied.

51. The allegations of paragraph 51 of the first amended complaint are denied.

## Count IV

*Surface Mining Control and Reclamation Act: Alleged State Water Quality Effluent Limitation Guideline Violations*

52. Shannon here incorporates its responses to paragraphs 1 through 51 by reference.

53. Shannon acknowledges that the Alabama Surface Mining Commission regulates surface coal mining in Alabama. The allegations of paragraph 53 are denied to the extent that they are inconsistent with the foregoing.

54. Paragraph 54 of the first amended complaint purports to be a quotation of a portion of an ASMC regulation, Ala. Admin. Code r. 880-X-10C-0.13(5), which is one written regulation among others, which speaks for itself as to its content, which must be read in the context of the relevant regulations as a whole, and to which no response is required from Shannon. The allegations of paragraph 54 of the first amended complaint are otherwise denied.

55. Shannon acknowledges that Alabama's surface coal mining and reclamation regulatory program has been approved by the Secretary of the Interior. The allegations of paragraph 55 of the first amended complaint are otherwise denied.

56. NPDES Permit No. AL0076597 is a written document that speaks for itself as to its content. It is correct that the effective date of the current permit is April 1, 2009, that the permit was modified effective January 3, 2012, and that the permit was due to expire on March 31, 2014; however, the terms and conditions of the permit were automatically extended because Shannon submitted a timely and complete application for reissuance of the permit in accordance with ADEM Admin. Code r. 335-6-6-.06, 335-6-6-.08(1)(k), and 335-6-6-.12(b), and any delay

in the reissuance has not been caused by Shannon. The allegations of paragraph 56 of the first amended complaint are otherwise denied.

57. NPDES Permit No. AL0076597 is a document that speaks for itself as to its content. Shannon acknowledges that NPDES Permit No. AL0076597 contains discharge limitations. To the extent that the allegations of paragraph 57 of the first amended complaint are inconsistent with the foregoing, they are denied.

58. The allegations contained in paragraph 58 and <u>Exhibit B</u> of the first amended complaint are denied.

59. The allegations contained in paragraph 59 of the first amended complaint are denied.

<u>**Count V**</u>

*Alabama Surface Mining Control and Reclamation Act: Alleged Federal Water Quality Effluent Limitation Guideline Violation*

60. Shannon here incorporates its responses to paragraphs 1 through 59 by reference.

61. Paragraph 61 of the first amended complaint purports to be a quotation of an ASMC regulation, Ala. Admin. Code r. 880-X-10C-.13(5), which is one written regulation among others, which speaks for itself as to its content, which must be read in the context of the relevant regulations as a whole, and to which no response is required from Shannon. The allegations of paragraph 61 of the first amended complaint are otherwise denied.

62. Paragraph 62 of the first amended complaint apparently states plaintiff's interpretation of 40 C.F.R. Part 434, Subpart C, which, as a statement of an interpretation of law rather than an allegation of fact, requires no response at this time by Shannon. Shannon denies any liability based on the allegations of paragraph 62 of the first amended complaint.

63. The effluent limitations in Shannon's NPDES permit are applicable to Shannon Mine. To the extent that the allegations of paragraph 63 of the first amended complaint are inconsistent with the foregoing, they are denied.

64. The allegations of paragraph 64 and <u>Exhibit C</u> of the first amended complaint are denied.

65. The allegations of paragraph 65 of the first amended complaint are denied.

### Count VI

*Alabama Surface Mining Control and Reclamation Act: Alleged State Water Quality Effluent Limitation Guideline Violations*

66. Shannon here incorporates its responses to paragraphs 1 through 65 by reference.

67. Paragraph 67 of the first amended complaint purports to be a quotation of an ASMC regulation, Ala. Admin. Code r. 880-X-10C-.13(5), which is one written regulation among others, which speaks for itself as to its content, which must be read in the context of any other relevant regulations, and to which no response is required by Shannon. The allegations of paragraph 67 of the first amended complaint are otherwise denied.

68. NPDES Permit No. AL0076597 is a document that speaks for itself as to its content. Shannon acknowledges that NPDES Permit No. AL0076597 contains discharge limitations. To the extent that the allegations of paragraph 68 of the first amended complaint are inconsistent with the foregoing, they are denied.

69. The allegations of paragraph 69 and <u>Exhibit B</u> of the first amended complaint are denied.

70. The allegations contained in paragraph 70 of the first amended complaint are denied.

## Count VII

*Alabama Surface Mining Control and Reclamation Act: Alleged Surface Mining Activities Within 100 feet of a Perennial or Intermittent Stream*

71. Shannon here incorporates its responses to paragraphs 1 through 70 by reference.

72. Paragraph 72 of the first amended complaint apparently states plaintiff's interpretation of the requirements of an ASMC regulation, Ala. Admin. Code r. 880-X-10C-.28, which, as a statement of an interpretation of law rather than an allegation of fact, requires no response at this time by Shannon. Shannon denies any liability based on the allegations of paragraph 72 of the first amended complaint.

73. The allegations of paragraph 73 of the first amended complaint are denied.

74. The allegations of paragraph 74 of the first amended complaint are denied.

75. The allegations of paragraph 75 of the first amended complaint are denied.

76. The allegations of paragraph 76 of the first amended complaint are denied.

### *Demand for Relief*

Shannon denies that plaintiff or any other person or entity is entitled to the relief requested in A. through E. (inclusive) of plaintiff's demand for relief, or any other relief.

### FURTHER DEFENSES

By way of further response, Shannon sets forth the following separate and several defenses without assuming the burden of proof that would otherwise rest with the plaintiff:

### Second Defense

Plaintiff has the burden of proving standing to bring this action, but neither plaintiff nor any of its members has standing to bring any of the claims asserted in the first amended complaint, nor can plaintiff or any of its members show any injury-in-fact.

### Third Defense

Plaintiff, as the party invoking jurisdiction, has the burden of establishing the Court's subject matter jurisdiction, Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1997), but plaintiff has failed to do so.

### Fourth Defense

Plaintiff's claims are moot.

### Fifth Defense

Plaintiff's claims are barred by the diligent prosecution of a state or federal agency.

### Sixth Defense

Plaintiff has not made any "*good-faith* allegation of continuous or intermittent violation" as is required by Gwaltny of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 56-63 (1987)(emphasis added).

### Seventh Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of illegality.

### Ninth Defense

Plaintiff's complaint fails to state a claim against Shannon upon which relief can be granted.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the statutes of limitation.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the defense of necessity.

**Twelfth Defense**

Plaintiff's claims are barred to the extent that any alleged damages were the result of circumstances over which Shannon had no control.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the defense of equitable estoppel.

**Fourteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the defense of waiver.

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff failed to mitigate any alleged damages.

**Seventeenth Defense**

Plaintiff's claims are barred, in whole or in part, by Shannon's compliance or substantial compliance with all legal and regulatory requirements.

**Eighteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the defense of "bypass."

**Nineteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the defense of "upset."

**Twentieth Defense**

Plaintiff's claims are barred, in whole or in part, by the fact that Shannon made good faith efforts to comply with all regulatory requirements.

### Twenty-First Defense

Plaintiff's claims are barred, in whole or in part, by intervening and/or superseding causes.

### Twenty-Second Defense

Plaintiff's claims are barred to the extent that any alleged damages were the result of discharges made in compliance with NPDES Permit No. AL0076597.

### Twenty-Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon or related to past violations of the Clean Water Act, pursuant to the rule of Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, 484 U.S. 49, 56-64 (1987).

### Twenty-Fourth Defense

No "navigable waters" or "water of the United States," as those terms are used in the Clean Water Act, have been adversely impacted by any act or omission or discharge by Shannon.

### Twenty-Fifth Defense

No "waters of the State"—as that term is used in the Alabama Water Pollution Control Act, Ala. Code § 22-22-1 et seq., and ADEM Admin. Code R. 335-6-6-.01, et seq.—have been adversely impacted by any act or omission or discharge by Shannon.

### Twenty-Sixth Defense

Plaintiff's claims are barred because any legitimate relief plaintiff might have sought has already been obtained for the public through enforcement action by the Alabama Department of Environmental Management, and, therefore, plaintiff's suit here is merely duplicative.

### Twenty-Seventh Defense

Shannon reserves the right to assert any additional affirmative defenses and/or matters in avoidance that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered the complaint, Defendant Shannon, LLC requests:

(a) that the Court dismiss the first amended complaint and enter judgment in favor of Shannon on the claims for relief asserted by the plaintiff;

(b) that Shannon, LLC be awarded all of its costs of litigation, including attorney and any expert witness fees;

(c) that all other costs and expenses of this action be taxed against plaintiff; and

(d) that the Court grant Shannon such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

/s/ Richard E. Davis
W. Anthony Davis, III (ASB-5657-D65W)
Richard E. Davis (ASB-6685-A58R)
Amber M. Whillock (ASB-0816-R79W)

STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
wad@starneslaw.com
red@starneslaw.com
amw@starneslaw.com

*Attorneys for Shannon, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that Shannon, LLC's Answer to First Amended Complaint has been filed with the Clerk of the Court using the CM/ECF system which is supposed to send electronic notification of such filing to counsel of record and that this document has also been transmitted in electronic form to the e-mail address indicated for counsel below:

>Eva L. Dillard, Esq.
>Black Warrior Riverkeeper, Inc.
>710 37th Street South
>Birmingham, Alabama 35222-3206
>edillard@blackwarriorriver.org

This 7th day of April, 2014.

>/s/ Amber M. Whillock
>Of Counsel